**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **INTELLIGRATED SYSTEMS, LLC,** <br> 7901 Innovation Way <br> Mason, Ohio 45040 | ) ) ) ) ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge |
| **HY-TEK MATERIAL HANDLING INSTALLATION SERVICES, A DIVISION OF HY-TEK MATERIAL HANDLING, INC.,** <br> 220 Arbor Tech Dr. <br> Hebron, Kentucky 41048 | ) ) ) ) ) ) ) | **COMPLAINT** |
| Defendant. | | |

For its Complaint Hy-Tek Material Handling, Inc. ("Hy-Tek" or "Defendant"), Plaintiff Intelligrated Systems, LLC ("Intelligrated" or "Plaintiff"), through its attorneys, alleges as follows:

### NATURE OF THE CASE

1. Pursuant to a Subcontractor Agreement dated December 19, 2019 by and between Intelligrated as the contractor and Hy-Tek Material Handling Installation Services, a Division of Hy-Tek, as the subcontractor (the "Agreement"), Hy-Tek was responsible for furnishing certain labor, materials, equipment, services and other work in connection with installing a conveyor belt system at a distribution center owned by Amazon.com located at 2400 Romig Road, Akron, Ohio (the "Akron Project"). A copy of the Subcontractor Agreement and related Change Orders are attached hereto as Exhibit A.

2. The Akron Project and the Agreement, which expressly incorporated by reference the terms of written agreements by and between Intelligrated as the contractor and Amazon.com as the owner (the "Prime Contract") and other supporting documents, specifically contemplated

and required Hy-Tek to perform a "bolt together" installation of a conveyor belt system (the "Work"). A copy of the Prime Contract is attached hereto as Exhibit B.

3. During the bidding process, Hy-Tek assured Intelligrated that it had the skill and prior experience necessary to perform the Work, thereby inducing Intelligrated into awarding it the Work under the Agreement.

4. In reality, however, Hy-Tek materially misrepresented its abilities and did not have the requisite experience to properly perform the Work for the Akron Project. As a result, Hy-Tek delivered defective and delayed work that failed to conform to the requirements as set forth in the Agreement and accompanying documents and failed to meet quality control standards, resulting in significant damages to Intelligrated.

## PARTIES

5. Plaintiff Intelligrated Systems, LLC, is a Delaware limited liability company with an office and principal place of business at 7901 Innovation Way, Mason, Ohio. Intelligrated's sole member is Intelligrated Sub Holdings, Inc. Intelligrated Sub Holdings, Inc. is a Delaware corporation with a principal place of business in Mason, Ohio.

6. Upon information and belief, Defendant Hy-Tek Material Handling Installation Services, a Division of Hy-Tek Material Handling, Inc., is a Kentucky corporation with its principal place of business at 220 Arbor Tech Dr., Hebron, Kentucky.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Venue is proper in this District as the parties contractually agreed that any action relating to the subject Agreement, the subject matter of the Agreement, and/or rights or obligations of the parties to the Agreement shall be brought in in this District.

## BACKGROUND

### Hy-Tek's Obligations and Intelligrated's Rights Under the Agreement

9. Pursuant to Article 5, Section 2 of the Agreement, Hy-Tek agreed to install a bolt down conveyor system and other work at the Akron Project "in accordance with the Equipment manufactures' instructions, the project Documents and the applicable Reference Information, Project Drawings and [the] Agreement. The installation of the Work shall be complete in all respects" (the "Work Standards").

10. Among other terms and conditions, Article 2, Section 1 of the Agreement provides that Intelligrated shall provide the project schedule to Hy-Tek and that time is of the essence in the Agreement.

11. Further, Article 7 of the Agreement confirms that Hy-Tek shall perform the Work as described in accordance with the project schedule, and that Hy-Tek is required to provide sufficient staff to complete the Work in accordance with the project schedule.

12. Pursuant to Article 5, Section 3 of the Agreement, Intelligrated had the right to inspect Hy-Tek's work and reject any equipment, materials or labor in installing non-conforming goods.

13. Pursuant to Article 2, Section 3 of the Agreement "if Subcontractor fails to diligently carry out the Work in accordance with this Agreement, and Subcontractor fails within three (3) days after receipt of Contractor's written notice to commence and continue correction of such failure with diligence and promptness, Contractor may, and without prejudice to any other remedy Contractor may have, make good such deficiencies by assuming control and responsibility

3

for the Work in its entirety based on Contractor's reasonable belief the Subcontractor's prosecution of the Work is endangered, or in part in order to remedy the defective or nonconforming nature of the Work and in both cases Contractor may deduct the cost thereof from the payments then or thereafter due Subcontractor."

14. Hy-Tek expressly acknowledged and agreed in Article 5, Section 5 of the Agreement that the failure to provide or perform the Work as specified and within the time specified in the project schedules "will cause serious damage to [Intelligrated] insofar as delay or failure to provide the Work as required will likely result in [Intelligrated's] inability to perform under certain other contractual obligations of [Intelligrated]." Accordingly, Hy-Tek agreed to pay Intelligrated consequential damages in the amount of 1% of the purchase price per day for Work that is late or does not meet the specification for the Work, up to the price of the Work.

Hy-Tek Fails to Competently Perform its Obligations Resulting in Defective and Deficient Work

15. After the Work commenced on the Akron Project, it became evident to Intelligrated that Hy-Tek did not have the skill or expertise necessary to properly perform the Work despite having assured Intelligrated that it had experience with this particular type of specialized installation.

16. As a result, Hy-Tek performed the Work in a deficient and sub-par manner in breach of the Agreement which resulted in the Work being defective, and incomplete.

17. Among other things, thousands of defective components of the Work as performed by Hy-Tek were placed on a punch list by independent inspectors (and then separately verified by Amazon inspectors) as requiting immediate correction and remediation.

18. In further breach of the agreement, Hy-Tek failed to adequately staff the job on a consistent basis.

19. Moreover, Hy-Tek did not complete the Work within the time specified by the project schedules entitling Intelligrated to liquidated damages.

20. Among other notices of defective work, Intelligrated sent Hy-Tek a notice of default on or about January 5, 2021 which advised that the Work was non-conforming for failure to complete the Work in accordance with the Contractors and/or manufacturers or industry standards, and for failure to complete the Work per the schedule. The notice of default is attached hereto as Exhibit C.

21. Unable to diligently, promptly and competently remediate the defective work and complete the remainder of the Work – and in order to mitigate its own potential damages to Amazon.com – Intelligrated engaged other contractors, installers and Intelligrated workers to remediate the punch list items and to complete the Work within the required time period in order to avoid imminent potential liability for non-performance.

22. Intelligrated incurred further costs and expenses caused by Hy-Tek's mishandling of equipment and improper disposing of parts required for the Work, thereby requiring Intelligrated to reorder parts and equipment.

23. Hy-Tek's deficient and defective work and other misconduct was in breach of the Agreement and resulted in Intelligrated incurring millions of dollars in damages.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. The Agreement is a valid, binding and enforceable contract.

26. At all times relevant herein, Plaintiff has duly performed or satisfied, or has substantially performed or satisfied, all conditions, promises and obligations required to be performed or satisfied by it in accordance with the terms and conditions of the Agreement.

27. Among other things, Defendant breached its obligations to perform the Work pursuant to the Work Standards and industry standards, to diligently carry out the Work in accordance with the Agreement, to complete the Work within the project schedule, and to provide sufficient staffing. These breaches materially and adversely affected quality of the Work and the Akron Project.

28. Plaintiff provided Defendant notices of the breaches and, upon information and belief, Defendant received notice of these breaches and failed to cure these breaches in a timely manner.

29. As a direct and proximate result of the foregoing, Plaintiff seeks actual, incidental, compensatory, and liquidated damages in an amount to be proven at trial but in no event less than $3,206,123.36, plus reasonable attorneys' fees and interest.

## SECOND CLAIM FOR RELIEF
## (FRAUDULENT INDUCEMENT)

30. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

31. Defendant made false representations when it stated that it had the required skill and experience necessary to perform a bolt down installation of the conveyor belt system as required by the Work.

32. Specifically, Defendant falsely assured Plaintiff that it had performed bolt together installations in the past, and that therefore it was well-qualified to perform the Work.

33. These representations were material to the Work and the Akron Project.

34. Defendant knew the falsity of those representations and intended to induce Plaintiff's reliance on the representation so that Plaintiff would award Defendant with the subcontract for the Akron Project.

35. Plaintiff justifiably relied on those false representations and awarded Defendant the subcontract for the Akron Project.

36. Plaintiff's reliance on Defendant's misrepresentations proximately caused Plaintiff's damages.

37. As a direct and proximate result of the foregoing, Plaintiff seeks actual, incidental, compensatory, and liquidated damages (plus reasonable attorneys' fees and interest) in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief as set forth below:

## PRAYER FOR RELIEF
## ON THE FIRST CAUSE OF ACTION

a. actual, incidental, compensatory, and liquidated damages in an amount to be proven at trial but in no event less than $3,206,123.36;

b. Fees, costs and expenses, including, but not limited to reasonable attorneys' fees;

c. Prejudgment interest at the maximum legal rate; and

d. Such other and further relief as this Court may deem just and proper.

## ON THE SECOND CAUSE OF ACTION

a. actual, incidental, compensatory, and liquidated damages in an amount to be proven at trial;

b. Fees, costs and expenses, including, but not limited to reasonable attorneys' fees;

c. Prejudgment interest at the maximum legal rate; and

d. Such other and further relief as this Court may deem just and proper.

Dated: December 31, 2021

Respectfully submitted,

*/s/ George Musekamp*
George B. Musekamp (0087060)
Jada Colon (0099048)
**THOMPSON HINE LLP**
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Telephone: (513) 352-6721
Facsimile: (513) 241-4771
George.Musekamp@ThompsonHine.com
Jada.Colon@ThompsonHine.com

*Attorneys for Plaintiff Intelligrated Systems, LLC*