IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Intelligrated Systems, LLC, | : | Case No. 1:21-cv-807 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | |
| Hy-Tek Material Handling Installation | : | Order Staying Action Pending |
| Services, A Division of Hy-Tek Material | : | Resolution of Parallel State Action |
| Handling, Inc., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint (Doc. 4) filed by Defendant Hy-Tek Material Handling Installation Services, a Division of Hy-Tek Material Handling, Inc. ("Hy-Tek"). Plaintiff Intelligrated Systems, LLC ("Intelligrated") filed a Response in Opposition (Doc. 6), to which Hy-Tek replied (Doc. 9).[1] For the reasons that follow, Hy-Tek's Motion will be **GRANTED IN PART**, and the case will be stayed pending the outcome of a parallel state court action.

I. BACKGROUND

A. Facts[2]

This breach-of-contract case arises from a Subcontractor Agreement dated December 19, 2019 between Intelligrated and Hy-Tek. (Doc. 1 at PageID 1; Subcontractor Agreement, Doc. 1-1.) Pursuant to the Subcontractor Agreement, Hy-Tek, as a subcontractor, agreed to install a conveyor belt system at a distribution center owned by Amazon.com in Akron, Ohio ("the Akron

---

[1] Hy-Tek also filed a Notice of Supplemental Authority in Support of Hy-Tek's Motion to Dismiss (Doc. 10) to which Intelligrated filed a Response (Doc. 11).

[2] The background facts are taken from the Complaint (Doc. 1) and attached exhibits.

Project") for which Intelligrated held the prime contact. (*Id*.) The scope of the work included Hy-Tek performing a "bolt together" installation of a conveyor belt system. (Doc. 1 at PageID 2.) Intelligrated alleges that Hy-Tek materially misrepresented its abilities and did not have the requisite experience to properly perform work for the Akron Project. (*Id*.)

The Subcontractor Agreement permitted Intelligrated to offset payments owed to Hy-Tek caused by Hy-Tek's defective performance, including but not limited to change orders, back charges, default or breach of contract, or pursuant to indemnity obligations. (Doc. 1-1 at PageID 19.) It further provided that Hy-Tek would be liable to Intelligrated for liquidated damages in the case that Hy-Tek failed to perform "in the time specified in the Project Schedules," and that Intelligrated was entitled to offset these liquidated damages from any amount owed to Hy-Tek. (*Id.* at PageID 16.)

Intelligrated alleges that after Hy-Tek began work on the Akron Project, it performed work in a deficient manner, resulting in defective performance and breach of the Subcontractor Agreement. (Doc. 1 at PageID 4.) For instance, Intelligrated claims thousands of defective components of the work performed by Hy-Tek were placed on a punch list by independent inspectors, requiring immediate correction. (*Id*.) Intelligrated also claims Hy-Tek failed to adequately staff the job on a consistent basis and failed to complete work within the time specified by the project schedules. (*Id*. at PageID 4–5.) Intelligrated sent Hy-Tek a notice of default on or about January 5, 2021 advising the work was non-conforming for failure to complete the work in accordance with the contractors and/or manufacturers or industry standards, and for failure to complete the work per the schedule. (*Id*. at PageID 5.) Intelligrated engaged other workers to remediate the punch list items and complete the work in the required

time period in order to avoid liability for non-performance. Intelligrated incurred additional expenses in reordering parts and equipment. (*Id*.)

B.     **Procedural History**

On December 21, 2021, Hy-Tek brought an action in the Warren County Court of Common Pleas against Intelligrated for breach of contract, unjust enrichment, promissory estoppel, and violation of the Ohio Prompt Payment Act. *Hy-Tek Material Handling Installation Services, A Division of Hy-Tek Material Handling Inc. v. Intelligrated Systems, LLC*, Case No. 21-cv-947B6 (the "State Action"). (State Action Complaint, Doc. 8 at PageID 327–70.) Attached to the State Action complaint is the same Subcontractor Agreement at issue in the instant action. (*See id*.) On April 30, 2022, the court denied a motion to dismiss the State Action, and the case is proceeding in that venue. (Doc. 10-1.)

Ten days after the State Action was filed, Intelligrated brought this federal diversity action against Hy-Tek, alleging breach of contract and fraudulent inducement based upon a breach of the same Subcontractor Agreement at issue in the State Action. (Doc. 1.) On February 15, 2022, Hy-Tek moved to dismiss or stay this action pursuant to the *Colorado River* doctrine. (Doc. 4.) Intelligrated responded in opposition (Doc. 6), and Hy-Tek replied (Doc. 9). The matter is now ripe for review.

**II.     LEGAL STANDARD**

The *Colorado River* doctrine is a "narrow exception" to the "virtually unflagging obligation of the federal courts to exercise jurisdiction[,]" permitting federal courts to abstain from hearing a case because there is similar litigation pending in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817–18 (1976); *Bates v. Van Buren Twp*., 122 F. App'x 803, 806 (6th Cir. 2004). The *Colorado River* doctrine permits

3

abstention based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) (internal quotations removed)). The Sixth Circuit has held that a stay, rather than dismissal without prejudice, is required in *Colorado River* abstention cases. *Bates*, 122 F. App'x at 809.

The *Colorado River* analysis has two steps. *Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393 (6th Cir. 2019). First, a court must determine whether the concurrent state and federal actions are parallel. *Id*. Second, if they are parallel, a court weighs the eight *Colorado River* factors to determine whether abstention is warranted. *Id*. These factors are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state of federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.* at 395. A decision to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors, as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### III. ANALYSIS

#### A. Parallel Proceedings

In determining the threshold question of whether the concurrent state and federal actions are parallel, a court should consider whether the parties are "substantially similar" and the claims

4

are "predicated on the same allegations as to the same material facts." *Romaine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). "'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'" *Id*. (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). "[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction." *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 395 (6th Cir. 2006) (citing *TruServ Corp. v. Flegles, Inc*., 419 F.3d 584, 592 (7th Cir. 2005)).

Hy-Tek argues, and the Court agrees, that the state and federal proceedings in this case are parallel because the parties are identical and the claims in each action are based upon the same material facts—breach of the Subcontractor Agreement. "[T]hat the two parties pursue separate legal theories is of no consequence[,]" as the claims alleged in both actions are based upon the same material facts. *Healthcare Co. Ltd.*, 784 F. App'x at 394.

The two federal claims and four state claims are all premised around the same material facts involving the Subcontractor Agreement, which is attached to both complaints. In the instant action, Intelligrated alleges two claims: breach of the Subcontractor Agreement and fraudulent inducement to enter into the Subcontractor Agreement. (*See* Doc. 1.) Both claims arise from entering into the Subcontractor Agreement and the performance of the Subcontractor Agreement. In the State Action, Hy-Tek alleges four claims: breach of contract, unjust enrichment, promissory estoppel, and violation of the Ohio Prompt Payment Act. (*See* Doc. 8 at PageID 327–351.) Hy-Tek's breach of contract claim is based upon breach of the Subcontractor Agreement, and its unjust enrichment claim is based upon Intelligrated's receipt of materials and labor furnished under the Subcontractor Agreement. (*Id*. at PageID 330–31.) Hy-Tek's promissory estoppel claim is an equitable remedy seeking to recover what would be due under the Subcontractor Agreement, while its Ohio Prompt Payment claim is premised upon payments

5

allegedly owed under the Subcontractor Agreement. (*Id*. at PageID 331–32.) As is evident, all claims center around the Subcontractor Agreement.

Intelligrated maintains this action is not parallel to the State Action, relying upon a distinguishable case, *Aleris Aluminum Canada, L.P. v. Behr Amer., Inc.*, No. 09-cv-10734-DT, 2009 WL 2351762, at *4 (E.D. Ky. July 28, 2009). There, the court found a federal action alleged claims distinct from a concurrent state court action on the basis that although the cases involved the same contractual relationship, the complaints involved distinct acts of "breach" and were not truly concurrent, parallel proceedings. *Id.* In this case, both parties raise the same allegations that the other breached the Subcontractor Agreement arising from the same material facts—the circumstances surrounding the formation and performance of the Subcontractor Agreement. The cases are parallel.

### B. *Colorado River* Factors

Having determined that the State Action is parallel with this action, the Court will now address the *Colorado River* factors. On balance, as will be discussed herein, these factors favor abstention.

#### 1. Neither Court Has Assumed Jurisdiction Over Res or Property

Both parties agree that this factor weighs against abstention as neither this Court nor the state court has assumed jurisdiction over any res or property at issue.

#### 2. Whether the Federal Forum is Less Convenient

The Warren County Court of Common Pleas, where the State Action is filed, is approximately 30 miles away from the United States District Court for the Southern District of Ohio, Western Division, where the instant action was filed. In *Colorado River*, the 300-mile distance between the federal district court and state court supported deferring the exercise of

6

federal jurisdiction. 424 U.S. at 820. Other courts have found negligible distances to weigh against abstention. *See Romaine*, 160 F.3d at 341 (finding state and federal forums located in the same city did not favor abstention); *Finch v. Thomas Asphalt Paving Co.*, 252 F. Supp. 2d 459, 463 (N.D. Ohio 2002) (finding 40 miles not a significant distance to render either court less convenient than the other); *Frame v. Humility of Mary Health, Partners*, No. 4:08 CV 1712, 2009 WL 1659138, at *4 (N.D. Ohio June 12, 2009) (finding 65 miles not a significant enough distance to favor abstention). The minor difference in distance between this forum and the state forum is not large enough to render this court inconvenient. Thus, this factor weighs against abstention.

### 3. Avoidance of Piecemeal Litigation

The third factor, avoidance of piecemeal litigation, strongly favors abstention. Both the state and federal actions will require a court to interpret the Subcontractor Agreement and determine if either party breached that agreement. In *Healthcare Co. Ltd.*, the Sixth Circuit quoted with approval a district court decision which discerned that "[i]f the Court were to exercise jurisdiction, the contracts between the parties would be interpreted twice and potentially in contradictory ways. That result would not only waste of [sic] judicial resources, but it would also harm the legitimacy of the court system." *Healthcare Co. Ltd.*, 784 F. App'x at 396 (quoting *Cass River Farms, LLC v. Hausbeck Pickle Co.*, No. 16-CV-12269, 2016 WL 5930493, at *6 (E.D. Mich. Oct. 12, 2016)); *see also Romaine*, 160 F.3d at 341 ("Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."). Due to the risk of contradictory interpretations of the Subcontractor Agreement and wasting judicial resources, the Court finds that the avoidance of piecemeal litigation strongly favors abstention.

#### 4. The Order in Which Jurisdiction Was Obtained

Hy-Tek filed the State Action prior to Intelligrated's filing of the instant action, which favors abstention. However, Intelligrated argues that this action should be considered first-filed because it believes Hy-Tek acted in bad faith by filing the State Action. Intelligrated argues Hy-Tek violated a tolling agreement the parties entered into during mediation, which requires three days' notice be given to the other side before filing a lawsuit. (*See* Tolling Agreement, Doc. 6-1 at PageID 252–54.) According to an email record, on December 16, 2021, five days before filing the State Action, counsel for Hy-Tek sent counsel for Intelligrated an email stating that "[i]f the dispute is not settled, Hy-Tek will proceed with litigation." (*Id*. at PageID 261.) Intelligrated contends the December 16, 2021 email did not give three days' notice and thus demonstrates bad faith so as to justify a deviation from the general rule that the court which gains jurisdiction first should decide the case. *See Blake v. Graphic Press*, Inc., No. 05-71932, 2005 WL 1801990, at *5 (E.D. Mich. July 27, 2005) (citing the proposition that bad faith may support a deviation from the first-to-file rule but nonetheless applying the first-to-file rule).

The majority of the cases upon which Intelligrated relies for its bad faith argument are in the context of the first-to-file doctrine, an abstention doctrine relating to concurrent federal jurisdiction. *See, e.g., Cath. Health Partners v. CareLogistics*, LLC, 973 F. Supp. 2d 787, 791–92 (N.D. Ohio 2013); *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988); *Knedlik v. Lincoln Inst. of Land Pol'y*, 883 F.2d 1024, at *3 (9th Cir. 1989); *Agri-Process Innovations, Inc. v. Greenline Indus., LLC*, No. 4:08CV00558BSM, 2008 WL 4126909, at *3 (E.D. Ark. Sept. 4, 2008); *Eveready Battery Co. v. Zinc Prod. Co., Div. of Alltrista Corp.*, 21 F. Supp. 2d 1060, 1061–62 (E.D. Mo. 1998). In one instance, in the context of the *Colorado River doctrine,* a district court in the Eastern District of Michigan discussed extending this doctrine to justify the

8

departure from the general rule that the court which first gains jurisdiction must decide the case, although the court never went on to make such a finding in that case. *See Blake*, No. 05-71932, 2005 WL 1801990, at *5. Intelligrated also relies upon *Mission Insurance Company v. Puritan Fashions Corporation*, but that case involved a trial court's discretion to dismiss a first-filed suit in the context of a declaratory judgment action where the defendant, through misrepresentations, delayed filing suit, which is not the case here. 706 F.2d 599, 600–01 (5th Cir. 1983).

Here, assuming the bad faith analysis often applied in first-to-file cases extends to the *Colorado River* context, there is no bad faith or misrepresentation upon which to justify departing from the general rule that jurisdiction is favored in the forum in which suit was first filed. Hy-Tek's email provided three days' notice of its intention to file suit. Notably, the argument that Hy-Tek acted in bad faith and violated a tolling agreement by filing the State Action was rejected by that court. *Hy-Tek Material Handling Installation Services v. Intelligrated Systems, Inc.*, No. 21-cv-94786 (Warren Cnty. Ohio Ct. Comm. Pleas, Mar. 30, 2022) (Decision and Entry, attached at Doc. 10-1 at PageID 388–393.) Intelligrated argued in its motion to dismiss the State Action that Hy-Tek violated the tolling agreement. The court rejected the argument and held: "even *were* this Court to find the motion to dismiss is the appropriate vehicle for [Intelligrated's] arguments, the Court finds [Hy-Tek] complied with the notice provision of the Tolling Agreement through the December 16, 2021 email sent from [Hy-Tek's] counsel to [Intelligrated's] counsel before suit was filed." *Id.,* Doc. 10-1 at PageID 392 (emphasis in original). The court also found "there is nothing in the Tolling Agreement that specifies how notice of impending litigation should be provided[.]" *Id*. In addition, the court rejected the argument that it should decline to exercise jurisdiction because Hy-Tek acted in bad faith, as there was insufficient evidence that Hy-Tek acted in bad faith in settlement negotiations,

9

during mediation, when Hy-Tek emailed Intelligrated's counsel on December 16, 2021, or by filing the State Action.  *Id.*  Consistent with the ruling in the State Action, the Court rejects the argument that the Court should disregard the first-filed action due to allegations of bad faith.  Thus, this factor favors abstention.

### 5. Source of Governing Law

The presence of state contract and tort issues favor abstention.  *See Healthcare Co. Ltd.*, 784 F. App'x at 396.  As this case presents exclusively state law claims, this factor weighs in favor of abstention.

### 6. Adequacy of the State Court to Protect the Federal Plaintiff's Rights

The sixth factor weighs slightly in favor of abstention as there is no reason to think that the state forum cannot adequately protect Intelligrated's rights.  *See id.* (finding no legitimate reason why state court would not be adequate to adjudicate dispute and stating that "complex litigation does not render a state court inadequate to hear a dispute").  The fact that the parties voluntarily and expressly selected Warren County as one of two forum options in the Subcontractor Agreement reinforces the conclusion that they mutually find the venue capable of protecting their rights.  (*See* Doc. 1-1, PageID 20.)  This factor, too, favors abstention.

### 7. Relative Progress of Each Proceeding

This case is currently proceeding in state court.  Although the timing of the actions is similar, as previously cited, the court in the State Action recently denied Intelligrated's motion to dismiss.  (Doc. 10-1.)  Thus, the State Action is farther along.  The court in *Healthcare Co. Ltd.* found that this factor weighed against abstention slightly where both cases were in their early stages, but the federal proceeding was given "the edge" as the parties had already settled some of the federal issues, and neither case had proceeded to discovery.  *Healthcare Co. Ltd.*, 784 F.

10

App'x. at 395. As the State Action has already issued a substantive ruling and is slightly further ahead, the Court finds that this factor weighs slightly in favor of abstention.

### 8. The Presence of Concurrent Jurisdiction

Finally, the eighth factor weighs in favor of abstention as there is concurrent jurisdiction over these claims. *See Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x 388, 397 (6th Cir. 2017) (noting that when the source of law factor favors abstention, the presence of concurrent jurisdiction also favors abstention).

### C. Abstention is Warranted

The majority of the *Colorado River* factors favor abstention in this case. Most significantly, the third factor, avoidance of piecemeal litigation, is one of the driving factors in the *Colorado River* analysis and in this case weighs heavily in favor of abstention. Mindful that the *Colorado River* analysis "does not rest on a mechanical checklist, but on a careful balancing of the important factors, as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16, the Court finds that abstention is appropriate. "Where, as here, the only issue in the federal litigation will be decided by a state proceeding that was filed first, is governed by state law, and is at least as far along as the federal proceeding, to hold otherwise would contravene the spirit of the *Colorado River* doctrine." *Healthcare Co. Ltd.*, 784 F. App'x at 396.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 4) is **GRANTED IN PART**. The Court orders that this matter and all associated deadlines are **STAYED** pending resolution of the State Action in the Warren County Court of Common Pleas. The parties shall notify the Court within thirty days of resolution of the State Action and

shall also jointly submit a report to the Court identifying any remaining issues for this Court to address.

    **IT IS SO ORDERED**.

S/Susan J. Dlott_____  
Judge Susan J. Dlott  
United States District Court
